## NEWPORT COUNTY.

———✦———

### John E. Dowling *vs.* Isaac Clarke.

A. brought *assumpsit* against B., his former partner, for the balance of a copartnership account. The declaration did not allege an account stated, nor show that the firm debts had been fully paid and the firm property reduced to money.
*Held*, on demurrer, that the action could not be maintained.

Assumpsit. On demurrer to the declaration.

*Providence, October* 16, 1880. Per Curiam. The special count in the declaration is in *assumpsit* for the balance of a copartnership account. It shows that the account involves divers matters. It alleges that the partnership has been dissolved, but it does not show that the account has ever been stated and a balance struck, nor even that nothing remains for the defendant partner to do but to settle the account. The English rule is that *assumpsit* does not lie for a general balance until after the account has been stated between the parties and the balance struck. The American courts, except in Massachusetts, hold to the same, or a stricter rule. Collyer on Partnership, § 281, and note. There is good reason why the English rule, with its recognized exceptions, should be adhered to. A jury is not fitted for the adjudication of an unliquidated and controverted partnership account, involving numerous transactions. But the special count of the declaration does not meet the requirements even of the Massachusetts rule. For anything that appears there may be property belonging to the copartnership which has never been reduced to money, or debts due to or from the firm which are still unpaid, so that it may be that a final balance is not even ascertainable. *Williams* v. *Henshaw*, 11 Pick. 79.          *Demurrer sustained.*

*William P. Sheffield & William Gilpin,* for plaintiff.

*Samuel R. Honey,* for defendant.

Note.— See *Dowling* v. *Clarke, infra.*